# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

**Kacey Lynn and Aniecia Vargas**

    v.

**Merrimack College**

Case No. 20-cv-632-PB
Opinion No. 2021 DNH 101

## MEMORANDUM AND ORDER

The COVID-19 pandemic forced colleges across the country to move from in-person to online instruction in the Spring of 2020. After many colleges refused to refund a portion of the tuition students paid for what they expected would be an in-person educational experience, class actions followed.

The named plaintiffs in this case are a student and a parent of a student at Merrimack College. They seek to represent a class of undergraduate and graduate students who were enrolled at Merrimack during the Spring 2020 semester. The complaint asserts claims for breach of contract, unjust enrichment, a violation of New Hampshire's Consumer Protection Act (CPA), and money had and received. Merrimack argues in a motion to dismiss that the complaint fails to state a claim for relief. Its principal argument is that the complaint does not allege a plausible claim that the college made an enforceable promise to provide students with an in-person education.

#### I. BACKGROUND

Merrimack is a private college located in North Andover, Massachusetts. It has an enrollment of over 4,000 students in undergraduate and graduate departments, including science and engineering, business, education and social policy, health sciences, and liberal arts.

Students registered for classes and paid tuition for the Spring 2020 semester before the pandemic began in the United States. In addition to a tuition charge, students were required to pay a separate "comprehensive fee" of $1,285, which the college assessed to cover services such as access to the library, an on-site health center, and on-site exercise facilities. The college also published promotional materials that touted the quality of its facilities and the beauty of its campus.

The college maintains an online course search function that allows students to search for classes using multiple criteria such as course subject, professor, meeting days and times, and course location. Under the "method" search option, students were able to select from several alternatives that included "lecture only" and "internet." Students then registered for classes using an online class registration function that confirmed the instructor, meeting days and times, and location of each selected class. In accordance with Merrimack's past

practices, students began the Spring 2020 semester by attending classes in-person.

On March 10, 2020, Merrimack announced that Spring break, originally scheduled for March 9-13, would extend to March 22, due to concerns about COVID-19. Three days later, Merrimack announced its decision to move all classes to an online format through April 13 and close all campus residence areas for the rest of the semester. On March 31, 2020, Merrimack informed students that classes would be provided exclusively online through the end of the semester. The college refused to refund any tuition or mandatory fees for the Spring 2020 semester but offered partial refunds for room and board.

Merrimack's educational policies are described in a course catalog made available to students when they enrolled for the Spring semester. The catalog does not expressly promise students that they will be provided with in-person rather than online instruction. Instead, it states more generally that "Merrimack College reserves the right to make[] changes at any time with respect to regulations, course offerings, and degree and program requirements contained in the academic catalog without prior notice."

## II. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim, a plaintiff must make factual allegations sufficient to

3

"state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. A claim is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In testing a complaint's sufficiency, I employ a two-step approach. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). First, I screen the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (internal quotation marks and alterations omitted). A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed. Id. Second, I credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then determine if the claim is plausible. Id. "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job . . . ." Justiniano v. Walker, 986 F.3d 11, 19 (1st Cir. 2021) (quoting Zell v. Ricci, 957 F.3d 1, 7 (1st Cir. 2020)). The plausibility requirement "simply calls for enough fact to raise

a reasonable expectation that discovery will reveal evidence" of illegal conduct. Twombly, 550 U.S. at 556. The "make-or-break standard" is that those allegations and inferences, "taken as true, must state a plausible, not a merely conceivable, case for relief." Sepúlveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010) (citing Ashcroft, 556 U.S. at 678-79).

### III. ANALYSIS

Plaintiffs base their breach of contract, unjust enrichment, and money had and received claims on what they assert was an implied promise by Merrimack to provide its students with an in-person education. Merrimack challenges these claims by arguing both that plaintiffs have failed to plead sufficient facts to support their assertion and that any such promise is unenforceable in any event because the college reserved the right to move classes online at any time in the course catalog.[1] I address these arguments first and then turn to plaintiffs' CPA claim.

---

[1] Merrimack also attempts to recharacterize plaintiffs' breach of contract and unjust enrichment claims as impermissible educational malpractice claims. I reject this argument, as have most courts that have considered it. See, e.g., Hassan v. Fordham Univ., No. 20-CV-3265, 2021 WL 293255, at *3 (S.D.N.Y. Jan. 28, 2021), amended in part, No. 20-CV-3265, 2021 WL 1263136 (S.D.N.Y. Apr. 6, 2021); Rhodes v. Embry-Riddle Aeronautical Univ., Inc., No. 6:20-cv-927-Orl-40EJK, 2021 WL 140708, at *3 (M.D. Fla. Jan. 14, 2021).

### A. Breach of Contract, Unjust Enrichment, and Money Had and Received Claims

Plaintiffs do not allege that Merrimack ever expressly promised to provide them with an in-person education. Instead, they cite the college's online course search and registration functions, its assessment of a comprehensive fee to defray the costs of various in-person activities, and college promotional materials to support their contention that Merrimack made an implied promise to educate them onsite rather than online. I examine plaintiffs' argument by using "the standard of 'reasonable expectation — what meaning the party making the manifestation [here Merrimack] should reasonably expect the other party to give it.'" Schaer v. Brandeis Univ., 735 N.E.2d 373, 378 (Mass. 2000) (quoting Cloud v. Trs. of Bos. Univ., 720 F.2d 721, 724 (1st Cir. 1983)).

Drawing all inferences in plaintiffs' favor, as I must at this stage of the proceedings, plaintiffs have pleaded minimally sufficient claims for breach of contract, unjust enrichment and money had and received. Merrimack has a well-established history of providing its students with an in-person education. It also promotes its campus as the place where that education will occur and charges students a fee for what students might reasonably expect will be in-person services. While this type of evidence cannot by itself give rise to a binding commitment

to provide students with an in-person education, it can affect how students construe the information Merrimack provides them when they use its on-line course search and registration functions. When I view these allegations as a whole and construe them in the light most favorable to plaintiffs, they state a plausible claim for relief. Whether the evidence supporting these allegations will ultimately prove sufficient to justify a trial will depend upon what additional information is uncovered during the course of discovery.

Merrimack alternatively argues that plaintiffs' contract and unjust enrichment claims fail in any event because the college reserved the right in the course catalog to make "changes at any time with respect to regulations, course offerings, and degree and program requirements." Although this provision may ultimately prove dispositive at a later stage of the proceedings, it is not so clearly stated that it can only reasonably be read to preclude plaintiffs' claims. Thus, I agree with those courts that have concluded that further factual development is warranted to determine whether plaintiffs have an enforceable right to in-person instruction. See Chong v. Ne. Univ., No. CV 20-10844-RGS, 2020 WL 7338499, at *3 (D. Mass. Dec. 14, 2020) ("Drawing all inferences in plaintiffs' favor, the court cannot, as a matter of law, say that no student who read these statements could have reasonably expected that . . .

registering for on campus courses would entitle them to in-person instruction."); see also In re Bos. Univ. COVID-19 Refund Litig., No. CV 20-10827-RGS, 2021 WL 66443, at *2 (D. Mass. Jan. 7, 2021) ("Drawing all inferences in plaintiffs' favor, the court cannot, as a matter of law, say that no student could have reasonably expected that paying the tuition charged for the Spring semester of 2020 and registering for on-campus courses would entitle them to in-person instruction."); Bahrani v. Ne. Univ., No. CV 20-10946-RGS, 2020 WL 7774292, at *2 (D. Mass. Dec. 30, 2020) (same); Doe v. Bradley Univ., No. 20-1264, 2020 WL 7634159, at *2 (C.D. Ill. Dec. 22, 2020) (agreeing with reasoning of sister courts who have "largely denied universities' motions to dismiss on nearly identical breach of contract claims because they found there were sufficient facts to allege a contract for in-person instruction based on university handbooks, catalogs, and brochures."); Ford v. Rensselaer Polytechnic Inst., No. 1:20-CV-470, 2020 WL 7389155, at *7 (N.D.N.Y. Dec. 16, 2020) ("What matters at this moment is that plaintiffs have plausibly alleged that defendant specifically promised in its circulars a bevy of in-person academic programs that it did not provide."); Rosado v. Barry Univ. Inc., 499 F. Supp. 3d 1152, 1157 (S.D. Fla. 2020) (holding student sufficiently alleged existence of an implied contract and breach arising from university's failure to reimburse

8

student after transition from in-person to remote instruction due to COVID-19 pandemic). Accordingly, I deny Merrimack's motion as to plaintiffs' breach of contract, unjust enrichment and money had and received claims.[2]

**B. CPA Claim**

The CPA makes it unlawful to "use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." N.H. Rev. Stat. Ann. § 358-A:2. The CPA provides a nonexclusive list of unfair or deceptive acts and also recognizes that unlisted conduct can violate the CPA if it "attain[s] a level of rascality that would raise an eyebrow of someone inured to the

---

[2] Merrimack also argues that plaintiffs' unjust enrichment and money had and received claims should be dismissed because they cannot simultaneously maintain these claims while also asserting a breach of contract claim. Unjust enrichment, and money had and received claims, however, may be pleaded in the alternative. Tomasella v. Nestlé USA, Inc., 962 F.3d 60, 84 (1st Cir. 2020); see also Lass v. Bank of Am., N.A., 695 F.3d 129, 140 (1st Cir. 2012) ("[I]t is accepted practice to pursue both theories [unjust enrichment and breach of contract] at the pleading stage."); see also Walbridge v. Ne. Credit Union, 299 F. Supp. 3d 338, 347 (D.N.H. 2018) (citing Jelmoli Holding, Inc. v. Raymond James Fin. Servs., Inc., 470 F.3d 14, 17 n.2 (1st Cir. 2006)) ("Generally, a claim for money had and received is construed to have the same elements as a claim for unjust enrichment, except that it is limited to enrichment by money."). Merrimack vigorously disputes the existence of a contract for in-person education. Thus, although the amended complaint adequately pleads the existence of an implied-in-fact contract, an undisputed contract has yet to be established and plaintiffs may plead multiple theories in the alternative, even contradictory ones, at this stage in the proceeding.

9

rough and tumble of the world of commerce." State v. Moran, 151 N.H. 450, 452 (2004) (quoting Milford Lumber Co. v. RCB Realty, Inc., 147 N.H. 15, 17 (2001)). Plaintiffs assert that Merrimack violated the CPA by subtracting scholarship grants intended for tuition from the room and board credits Merrimack offered students when it closed the campus. I reject this argument because plaintiffs have failed to plead sufficient facts to support a viable CPA claim.

Plaintiffs assert that Merrimack committed a listed violation of the CPA by "passing off goods or services as those of another" but they have neither pleaded any facts to support this assertion nor offered a persuasive legal argument in defense of their position. Plaintiffs have followed a similar tactic in arguing in the alternative that they can satisfy the CPA's rascality test. Neither argument is sufficient. Rule 12(b)(6) requires more from the plaintiff than a series of conclusory statements that track the elements of a claim for relief. Because plaintiffs have failed to plead sufficient facts to support their CPA claim, I agree with Merrimack that the claim must be dismissed.[3]

---

[3] Because I dismiss plaintiffs' CPA claim on the merits, I need not determine whether plaintiffs can base their claim on New Hampshire's Consumer Protection Law even though they attended a college based in Massachusetts.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (Doc. No. 21) is granted in part and denied in part. Plaintiffs' CPA claim is dismissed and Merrimack's motion to dismiss plaintiffs' breach of contract, unjust enrichment, and money had and received claims is denied.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

June 24, 2021

cc: Philip Lawrence Fraietta, Esq.
    Benjamin T. King, Esq.
    Crystal Nix-Hines, Esq.
    Kathleen M. Sullivan, Esq.
    Marina Eudjienii Lev, Esq.
    Mark B. Rosen, Esq.
    Michele E. Kenney, Esq.
    Shon Morgan, Esq.
    Thomas Scott Mills, Jr., Esq.